UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISTI C., | ) |
| Plaintiff, | ) No. 24-cv-5596 |
| v. | ) Magistrate Judge Keri L. Holleb Hotaling |
| FRANK J. BISIGNANO, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kristi C.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI"). The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary judgment [Dkt. 11] is DENIED and the Commissioner's motion for summary judgment [Dkt. 14] is GRANTED; the Court hereby affirms this matter.

**I.  Procedural History**

On November 8, 2021, Plaintiff filed an application for supplemental security income ("SSI"), alleging disability beginning May 1, 2021, although she later amended the onset date to November 8, 2021. [Administrative Record ("R.") 15-16.] The claim was denied initially and upon reconsideration. [*Id.*] After an Administrative Hearing, on September 21, 2023, an Administrative Law Judge ("ALJ") denied Plaintiff's application for SSI. [R. 15-29]. The Appeals Council denied review on May 6, 2024 [R. 1-6], rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. § 404.981. On July 3, 2024, Plaintiff filed the instant action seeking

---

[1]  In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2]  The Court construes Plaintiff's Memorandum in Support of Reversing or Remanding Commissioner's Final Decision [Dkt. 11] as a motion for summary judgment.

review of the Commissioner's decision. [Dkt. 1.]

## II. The ALJ's Decision

In the September 21, 2023 decision, the ALJ analyzed Plaintiff's claim following the SSA's usual five-step evaluation process to determine whether Plaintiff was disabled. [R. 15-29.] At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 8, 2021, the date of her SSI application. [R. 17.] At Step Two, the ALJ found Plaintiff had the severe impairment of generalized anxiety disorder with panic disorder. [*Id.*] At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. [R. 18-19.] In determining Plaintiff's severe impairments, the ALJ also analyzed the four so-called Paragraph B criteria for assessing mental impairments. The ALJ found, consistent with the opinion of the agency psychological consultant at the reconsideration level, which the ALJ found persuasive, that Plaintiff was mildly limited in understanding, remembering, or applying information; and adapting or managing oneself and was moderately limited in the areas of interacting with others; and concentrating, persisting or maintaining pace. [R. 19-20, 26 (citing R. 199-201).]

Before Step Four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can frequently stoop but never climb ladders, ropes, or scaffolds; she can never work around unprotected heights or unprotected dangerous moving machinery; she can never drive commercially; she can perform simple, routine tasks involving simple work-related decisions and routine changes; she can have occasional interaction with coworkers and supervisors, but no interaction with the public. [R. 20-21.] The ALJ determined Plaintiff had no past relevant work. [R. 27.] At Step Five, however, the ALJ found Plaintiff capable of performing other jobs existing in

2

significant numbers in the national economy. [R. 28.] Specifically, the ALJ determined by vocational expert testimony that Plaintiff would be able to perform the requirements of laboratory equipment cleaner (D.O.T 381.687-022); hand packager (D.O.T. 920.587-018); laundry worker (D.O.T. 361.685-018); marker (D.O.T. 209.587-034); and small parts assembler II (D.O.T. 739.687-030). [R. 28.] As a result, the ALJ found Plaintiff not disabled under the Act. [*Id.*]

### III.   Social Security Regulations and Standard of Review

In Social Security appeal cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018); *Hess v. O'Malley*, 92 F.4th 671, 676 (7th Cir. 2024); *see also* 42 U.S.C. § 405(g). "This is not a high threshold; it requires only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (cleaned up) (citing *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019)). This "lax" standard is satisfied when the ALJ "minimally articulate[s] his or her justification for rejecting or accepting specific evidence of a disability." *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008) (citation and quotation marks omitted). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and their conclusion. *Hess*, 92 F.4th at 676. Yet an ALJ "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). "All [that is] require[d] is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow [the] reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id.* at 1054 (internal signals and citations omitted). The Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's

3

determination so long as substantial evidence supports it." *Id.* at 1052-53.

IV. Discussion

Plaintiff argues that the ALJ made three errors. [Dkt. 11.] First, Plaintiff claims that the ALJ's analysis of Plaintiff's mental impairments, particularly her agoraphobia and depressive disorder, was insufficient. [*Id*. at 8.] Second, Plaintiff contends that the ALJ's analysis of the evidence was misleading and contained omissions and unreasonable inferences. [*Id*. at 10.] Third, Plaintiff claims that the ALJ failed to adequately address the opinion of Plaintiff's treating therapist Nancy Bowden. [*Id*. at 13.] The Court disagrees and addresses these contentions in turn.

**A. The ALJ's Analysis of Plaintiff's Mental Impairments Was Adequate**

Plaintiff contends that the ALJ's analysis of her mental impairments of agoraphobia and depressive disorder was insufficient because the ALJ should have listed her agoraphobia a severe impairment and "[a]rguably" should have deemed Plaintiff's mental limitation in the area of interacting "extreme." [*Id*. at 9.]

The Court declines to overturn the ALJ's decision merely because the ALJ did not overtly and separately list "agoraphobia" among Plaintiff's severe impairments. The ALJ found that Plaintiff had a severe impairment of "generalized anxiety disorder," and agoraphobia is listed among anxiety disorders by the Social Security Administration. *See* Listing 12.00B.5 (listing agoraphobia as an "[e]xample of disorders…evaluate[d] in [] category" of "[a]nxiety and obsessive-compulsive disorders (12.06)"). Plaintiff does not support her argument that the ALJ failed to sufficiently consider her depressive disorder and therefore has waived that argument. *Karen K. T. v. O'Malley*, No. 20-cv-50418, 2024 WL 3251600, at *3 n.3 (N.D. Ill. July 1, 2024) (explaining that "perfunctory and undeveloped" argument is "waived").

The second prong of Plaintiff's agoraphobia argument seeks reweighing of the evidence regarding the evaluation of Plaintiff's mental limitations, which the Court cannot do. *See Id.*

4

("[Claimant] again effectively asks the Court to impermissibly reweigh Plaintiff's mental health evidence in order to find Plaintiff's depression a 'severe' impairment," but [the] district court "'[m]ay not engage in its own analysis of whether the plaintiff is disabled nor may it reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner[.]'"); *see also*, *Warnell*, 97 F.4th at 1052-1053 (same).

### B. The ALJ Used Substantial Evidence in her Analysis of the Facts

Plaintiff next argues that the ALJ's analysis of the evidence is misleading and contains omissions and inferences; in sum, Plaintiff argues, the ALJ "downplayed" her agoraphobia symptoms. [Dkt. 11 at 10-11.] "A reversal and remand may be required…if the ALJ committed an error of law… or if the ALJ based the decision on serious factual mistakes or omissions." *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996). Plaintiff contends that the ALJ left out records and analysis from within the record that renders her decision invalid and criticizes the ALJ for faulting many recent treatment records as "computer-generated" and providing "minimal update[s]." [Dkt. 11 at 12 (citing R. 23).] However, the ALJ has no obligation to weigh all evidence within the record, so long as the evidence she uses is substantial and consistent within the record. *Warnell v. O'Malley*, 97 F.4th at 1040, 1053 (7th 2024). Additionally, the Court is not to reweigh evidence the ALJ found to be "reasonably discernible." *Garland v. Dai,* 141 S. Ct. 1669, 1679 (2021).

Here, the ALJ based her decision on the evidence of the treatment Plaintiff received at Will County Behavioral Health ("WCBH"). [R. 13.] In those records, Plaintiff was not noted to be physically sick or to become physically sick despite claiming that she could not leave her home at all, or she would become physically sick. [*Id*.] The ALJ also relied upon a WCBH visit on September 23, 2020, that indicated Plaintiff had a trip to the emergency room where she did not appear to suffer from anxiety, panic attacks, or other symptoms outside of her home. [*Id*.] The Court finds the ALJ

5

did not omit material facts in the basis of her decision, and the Court will not demand the ALJ use specific information Plaintiff claims was omitted from her analysis. "[O]nly when an ALJ's assessment lacks any explanation of support will a court declare it to be 'patently wrong.'" *Elder v. Astrue*, 529 F. 3d 408, 413 (7th Cir. 2008). The ALJ's decision here was not patently erroneous as it finds support within the medical record. The Court will not overturn the ALJ's decision on this basis.

### C. The ALJ Supplied Adequate Reasons for Finding Nancy Bowden's Medical Source Statement Lacked Sufficient Support

Last, Plaintiff argues that the ALJ did not adequately address the Medical Source Statement opinions of her treating therapist, Nancy Bowden, LPC, CAADC, CCJP. [Dkt. 11 at 13.] The Court disagrees. The ALJ may not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)," but must determine the persuasiveness of medical opinions by addressing at least the two most important regulatory factors, supportability (the objective medical evidence and explanation presented by the medical source) and consistency (how consistent the medical opinion is with evidence from other medical and nonmedical sources in the claim). 20 C.F.R. § 404.1520c(a); 20 C.F.R. § 404.1520c(b)(2)-(c).

Here, the ALJ found that "the evidence does not support the extreme Medical Source Statement provided by Ms. Bowden." [R. 23.] Although the ALJ did not have Ms. Bowden's therapy records going back to Plaintiff's alleged onset date,[3] the ALJ bases her determination, in part, on the fact that Ms. Bowden's opinion is "not persuasive since it does not cite to any objective/clinical findings." [R. 26.] Similarly, the ALJ also noted that Ms. Bowden's "own therapy notes contain no actual mental status examination findings." [*Id*. (citation omitted).] The ALJ also found Ms.

---

[3] The ALJ's decision indicates "[t]he claimant allegedly sees therapist Nancy Bowden, MA, QMHP regularly, but Ms. Bowden provided only some therapy records since October 2022, showing once or twice a month phone appointment[s]". [R. 23 (citations omitted); R. 88-98] The ALJ also noted that in an earlier unrelated SSI proceeding filed by Plaintiff, Ms. Bowden refused to provide therapy records even under subpoena. *Id.*

6

Bowden's opinion lacking in that it "does not describe specific limitations on work-related activities, [but] simply says [Plaintiff] 'can't function outside the home.'" [*Id*.] Thus, the ALJ found that Ms. Bowden's opinion was not consistent with, nor supported by, Ms. Bowden's own exam(s), any objective evidence of record, nor the claimant's course of treatment or activities. [*Id*.] Based on the foregoing, the Court finds the ALJ adequately addressed the factors of supportability and consistency, as required of her. Further, the Court finds that the ALJ has assessed Ms. Bowden's report as one isolated piece of evidence taken into consideration along with multiple other parts of the record. The Seventh Circuit has ruled that "once contrary evidence is introduced…a treating physician's opinion becomes just one piece of evidence for the ALJ to evaluate," and the ALJ must then analyze various factors in deciding the weight to afford it, if any. *Ray v. Saul,* 861 Fed. Appx. 102, 105 (7th Cir. 2021). The ALJ has done so here; the ALJ has no obligation to base her decision solely on Ms. Bowden's report, and the Court finds that her decision is not invalid for omitting Bowden's medical source statement.

## V.    Conclusion

For the foregoing reasons, the Court finds the ALJ's decision is supported by substantial evidence and contains the requisite adequate logical bridges between the evidence and her conclusions. The Court declines to remand this matter. Plaintiff's motion for summary judgment [Dkt. 11] is DENIED and the Commissioner's motion for summary judgment [Dkt. 14] is GRANTED. The final decision of the Commissioner denying benefits is affirmed.

**ENTERED: September 24, 2025**

Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge

7